UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

    Petitioner,        Civil No. 2:17-CV-12243
                             HONORABLE DENISE PAGE HOOD
v.                       CHIEF UNITED STATES DISTRICT JUDGE

GEORGE STEPHENSON,

    Respondent,
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO REMAND TO EXPAND THE RECORD

Everege Vernor Dickens filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his state court conviction. Respondent has been ordered by Magistrate Judge R. Steven Whalen to file an answer to the petition by September 14, 2017.

Petitioner has filed a motion to remand to expand the record. Petitioner essentially asks this Court to grant habeas relief on his ineffective assistance of counsel claim and either order a new trial in the state court or an evidentiary hearing in the state court on his ineffective assistance of counsel claim.

The Court denies the motion because it is premature. This Court is

1

without power to grant petitioner a default judgment without receiving an answer from the State of Michigan, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001)(Tarnow, J.). As another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(Cohn, J.)(*citing to Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). Without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Id.* Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story," i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* Therefore, although an expeditious review of a habeas petition is desirable,

a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id.* at 922.  Once the respondent files an answer and the appropriate transcripts, the Court will be in a better position to determine whether or not to grant habeas relief to petitioner.

IT IS HEREBY ORDERED that the Motion to Remand to Expand the Record [Dkt. # 3] is DENIED WITHOUT PREJUDICE.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager