**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EVEREGE VERNOR DICKENS,

        Petitioner,

v.

        CASE NO. 2:17-CV-12243
        HONORABLE DENISE PAGE HOOD
        CHIEF UNITED STATES DISTRICT JUDGE

GEORGE STEPHENSON,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION TO DISMISS AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS

This matter is before the Court on respondent's motion to dismiss the petition on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner filed a reply to the motion to dismiss. Having reviewed the pleadings and the issues raised by petitioner in his habeas application and in response to the motion to dismiss, the Court will deny the motion to dismiss and will order that an answer addressing the merits of the petition be filed in this matter within sixty days of the Court's order.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d

1

243, 250 (2d Cir.1999); See also Cooey v. Strickland, 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on March 29, 2016, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for

2

seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on June 27, 2016, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). Petitioner had until June 27, 2017 to file his habeas petition in compliance with the one year limitations period, unless the limitations period was somehow tolled.

Petitioner's habeas application was signed and dated July 3, 2017 and filed with this Court on July 10, 2017. Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 3, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999). The current petition is untimely unless the limitations period was somehow tolled.

Petitioner argues that the limitations period should be tolled because he filed a state petition for writ of habeas corpus first with the Wayne County Circuit Court on January 21, 2016 and subsequently attempted to file a state petition for writ of habeas corpus with the Michigan Court of Appeals and the Michigan Supreme Court. It is unclear from the pleadings when or if the Wayne County Circuit Court ever ruled on petitioner's state petition for writ of

3

habeas corpus, but the Michigan Court of Appeals dismissed the petition on July 27, 2016, because petitioner failed to timely correct filing defects. *Dickens v. EC Brooks Correctional Facility,* No. 332823 (Mich.Ct.App. July 27, 2016). The Michigan Supreme Court rejected petitioner's habeas petition on September 16, 2016 because it was untimely filed. See Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, attached to the petition for writ of habeas corpus. Petitioner argued in his state petition that the Wayne County Circuit Court lacked jurisdiction over his case.

28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003).

There is some question whether the petition for writ of habeas corpus that petitioner filed first with the state trial court and subsequently with the Michigan appellate courts would qualify as a properly filed application for post-conviction relief that would toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). The Sixth Circuit has yet to address this issue nor are there any published cases from this district or the Western District of

4

Michigan on this issue. Judges in this district in unpublished opinions have reached opposing conclusions as to whether a state petition for writ of habeas corpus is a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C.§ 2244(d)(2). *Compare Jenkins v. Tribley,* No. 11-14204; 2012 WL 995394, * 3-4 (E.D. Mich. March 22, 2012)(state habeas petition can toll the limitations period pursuant to § 2244(d)(2), at least where the petitioner alleged a jurisdictional defect); *Powell v. McKee*, No. 10–12866, 2011 WL 1344581, * 4 (E.D.Mich. April 8, 2011)(state habeas petition does not toll the period of limitations under 28 U.S.C. § 2244(d)(2)); *Northrop v. Wolfenbarger*, No. 06–CV–13081, 2008 WL 564941, *2 (E.D. Mich. February 28, 2008) (same); *Javens v. Caruso*, No. 07–CV–10175, 2007 WL 2516827, *2 (E.D.Mich. August 31, 2007)(same). This Court, in an unpublished case, declined to rule on whether or not the petitioner's state petition for writ of habeas corpus would qualify as a properly filed post-conviction motion, for purposes of 28 U.S.C. § 2244(d)(2), on the ground that it would be easier to address the merits of petitioner's claims. *Coney v. Klee*, No. 2:12-CV-11016, 2012 WL 5380639, at *4 (E.D. Mich. October 31, 2012).

Petitioner alleged in his state petition that the Wayne County Circuit Court lacked jurisdiction to try his case. Because Michigan law does permit

5

criminal defendants to use a state petition for writ of habeas corpus to challenge a radical jurisdictional defect, there is at least some question about whether petitioner's state petition for writ of habeas corpus would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *Jenkins v. Tribley,* 2012 WL 995394, * 3-4.

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 F. App'x. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the

ends of justice would be better served by ordering an answer that addresses the merits of petitioner's claims.

The Court will therefore deny the motion to dismiss and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within sixty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with any Rule 5 materials that have not already been filed with the Court at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner shall have 45 days from the receipt of the answer to file a reply brief, if he so chooses. *See Baysdell v. Howes,* 04-CV-73293, 2005 WL 1838443, * 4 (E.D. Mich. Aug. 1, 2005).

**ORDER**

Accordingly, the Court **ORDERS** that the motion to dismiss [Dkt. # 10] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of petitioner's habeas claims and any Rule 5 materials that have not already been submitted to the Court within **SIXTY (60) DAYS** of this order.

Petitioner shall have **FORTY FIVE (45) DAYS** following receipt of the answer to file a reply brief.

**S/Denise Page Hood**
**Denise Page Hood**
**Chief Judge, United States District Court**

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager