**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EVEREGE VERNOR DICKENS,

        Petitioner,

                        CASE NO. 2:17-CV-12243

v.                     HONORABLE DENISE PAGE HOOD
                        CHIEF UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN, [1]

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR THE
APPOINTMENT OF COUNSEL (Doc. 16), DENYING THE MOTION TO
OBJECT TO THE COURT ORDER DIRECTING RESPONDENT TO FILE
A REPLY TO THE PETITION (Doc. 17), AND GRANTING A
CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN
FORMA PAUPERIS***

Everege Vernor Dickens,("Petitioner"), confined at the Thumb

Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for

first-degree felony murder, M.C.L.A. 750.316, and assault with intent to rob

while armed, M.C.L.A. 750.89.  Respondent filed an answer to the petition.

---

[1]  The caption is amended to reflect that the respondent is now Willis
Chapman.

1

As part of the answer, respondent has renewed his motion to dismiss the petition on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for writ of habeas corpus is SUMMARILY DENIED. The Court will deny petitioner's two pending motions. Petitioner will be GRANTED a certificate of appealability and leave to appeal *in forma pauperis*.

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court.

Direct review of petitioner's case ended when the Michigan Supreme Court denied petitioner leave to appeal on March 29, 2016, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. *People v. Dickens,* 876 N.W. 2d 527 (2016).

Petitioner filed a state petition for writ of habeas corpus first with the Wayne County Circuit Court on January 21, 2016 and subsequently attempted to file a state petition for writ of habeas corpus with the Michigan Court of Appeals and the Michigan Supreme Court. It is not clear from the pleadings when or if the Wayne County Circuit Court ever ruled on petitioner's state petition for writ of habeas corpus, but the Michigan Court of Appeals

dismissed the petition on July 27, 2016, because petitioner failed to timely correct filing defects. *Dickens v. EC Brooks Correctional Facility,* No. 332823 (Mich.Ct.App. July 27, 2016). The Michigan Supreme Court then rejected petitioner's habeas petition on September 16, 2016 because it was untimely filed. See Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, attached to the petition for writ of habeas corpus.

Petitioner's habeas application was signed and dated July 3, 2017 and filed with this Court on July 10, 2017. [2]

Respondent filed a motion to dismiss on the ground that the petition was untimely in that it was filed more than one year after petitioner's conviction became final. Petitioner argued in his reply to the motion to dismiss that the state petition for writ of habeas corpus qualified as a state post-conviction motion to toll the limitations period under 28 U.S.C. § 2244(d)(2).

This Court denied the motion to dismiss. The Court acknowledged that there was some question about whether a state petition for writ of habeas corpus would qualify as a properly filed application for post-conviction relief that could toll the limitations period pursuant to the provisions of 28 U.S.C. §

_____

[2] Under the prison mailbox rule, this Court considers the petition to have been filed on July 3, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

3

2244(d)(2). This Court noted that the Sixth Circuit had yet to address the issue nor were there any published district court cases on the issue, but a number of judges in this district had unpublished opinions that had reached opposite conclusions as to whether a state petition for writ of habeas corpus would be considered a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C.§ 2244(d)(2). *Dickens v. Stephenson*, No. 2:17-CV-12243, 2018 WL 646390, at * 2 (E.D. Mich. Jan. 31, 2018)(collecting cases). This Court noted that petitioner had argued in his state petition for writ of habeas corpus that the Wayne County Circuit Court lacked subject matter jurisdiction over his case. Because Michigan allows criminal defendants to use a state petition for writ of habeas corpus to challenge a radical jurisdictional defect, this Court concluded that "there is at least some question about whether petitioner's state petition for writ of habeas corpus would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)." *Id.* This Court further concluded that because of the complexities of the statute of limitations issue, judicial economy dictated "that the ends of justice would be better served by ordering an answer that addresses the merits of petitioner's claims." *Id.*

Respondent has now filed an answer to the petition.

## II. Discussion

### A.  The motion for the appointment of counsel is DENIED.

Petitioner has moved for the appointment of counsel.

The Court will deny the motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he or she could not obtain a lawyer, and he or she would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances that justify the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner raises a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a lengthy petition for writ of habeas corpus raising five claims for relief, a reply to the motion to dismiss, and now a motion to strike the answer. Petitioner has the means and ability to represent himself *pro se*. The motion for the appointment of counsel is denied.

**B. The motion to object to the answer is DENIED.**

Petitioner objects to respondent's answer. Petitioner argues that respondent was given an opportunity to file an answer but chose to merely file a motion to dismiss the petition on statute of limitations grounds. Petitioner argues that having lost on the motion to dismiss, respondent should not be given a chance to file a supplemental answer.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is permissible for a respondent to file a motion to

dismiss or for summary judgment on statute of limitations grounds, rather than an answer on the merits. See *Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004). It was thus proper for respondent to file a motion to dismiss the petition on statute of limitations grounds, rather than initially file an answer addressing the merits. Having initially denied the motion to dismiss, this Court had the authority to order respondent to file a supplemental answer addressing the merits of the claims. *Id.* The motion to object is DENIED.

### C.  The renewed motion to dismiss the petition is GRANTED.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 F. App'x. 342 (6th Cir. 2005).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on March 29, 2016. Petitioner's conviction became final, for the purposes of the limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment thus became final on June 27, 2016, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). Petitioner

had until June 27, 2017 to file his habeas petition in order for his petition to be timely filed, unless the limitations period was somehow tolled.

Petitioner's habeas application was signed and dated July 3, 2017 and filed with this Court on July 10, 2017, which was after the one year limitations period expired.

In its prior opinion and order denying the motion to dismiss, this Court agreed with respondent that the current petition is untimely unless the limitations period was tolled.

Petitioner argued that the limitations period should be tolled because he filed a state petition for writ of habeas corpus first with the Wayne County Circuit Court on January 21, 2016 and subsequently attempted to file a state petition for writ of habeas corpus with the Michigan Court of Appeals and the Michigan Supreme Court.

Respondent in his answer argues that petitioner's state habeas petition should not be considered a post-conviction motion that comes within the purview of the tolling provisions of 28 U.S.C. § 2244(d)(2) because such petitions cannot be used to challenge a criminal conviction under Michigan law, unless there is a radical jurisdictional defect. Respondent further argues that none of the claims that petitioner raised in his state petition for writ of

habeas corpus amount to a radical jurisdictional defect and thus his state petition for writ of habeas corpus was not a properly filed post-conviction motion that would toll the limitations period.

28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). However, an application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), only when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001).

As this Court noted in its previous order, there are no Sixth Circuit cases or published cases from this district or the Western District of Michigan on whether a state petition for writ of habeas corpus qualifies as a properly filed application for post-conviction relief that would toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2).

A majority of judges in this district who have addressed the issue in unpublished opinions have concluded that a state petition for writ of habeas corpus is not considered a properly filed post-conviction motion that would toll the limitations period under § 2244(d)(2). *See Lamay v. Balcarel*, No. 2:13-CV-10482, 2013 WL 4053203, at * 4 (E.D. Mich. Aug. 12, 2013)(Drain, J.); *Brown v. Perry*, No. 2:11-CV-10808, 2011 WL 5838677, at * 4 (E.D. Mich. Nov. 21, 2011)(Cox, J.); *Powell v. McKee*, No. 10–12866, 2011 WL 1344581, * 4 (E.D. Mich. Apr. 8, 2011)(Edmunds, J.); *Northrop v. Wolfenbarger*, No. 06–CV–13081, 2008 WL 564941, *2 (E.D. Mich. Feb. 28, 2008)(Borman, J.); *Javens v. Caruso*, No. 07–CV–10175, 2007 WL 2516827, *2 (E.D. Mich. Aug. 31, 2007)(Borman, J.); *Jackson v. Curtis*, No. 05–CV–71711, 2005 U.S. Dist. LEXIS 29254, *10 (E.D.Mich. Nov. 23, 2005)(Battani, J.).

In *Jenkins v. Tribley,* No. 11-14204; 2012 WL 995394, * 3-4 (E.D. Mich. Mar. 22, 2012)(Cleland, J.), the court held that a state habeas petition can toll the limitations period pursuant to § 2244(d)(2), at least where the petitioner alleged a jurisdictional defect.

This Court has previously declined to rule on whether or not a petitioner's state petition for writ of habeas corpus would qualify as a properly filed post-conviction motion, for purposes of 28 U.S.C. § 2244(d)(2), on the

ground that it would be easier to address the merits of petitioner's claims. *Coney v. Klee*, No. 2:12-CV-11016, 2012 WL 5380639, at *4 (E.D. Mich. Oct. 31, 2012). This Court originally came to the same conclusion with respect to this case.

After reviewing the arguments raised by respondent in his answer, the applicable case law, and the issues raised by petitioner in his state habeas petition, this Court agrees with respondent that, at least in this case, petitioner's state habeas petition did not constitute a post-conviction motion within the meaning of the tolling provisions of § 2244(d)(2).

M.C.L.A. 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections*, 103 Mich.App. 409, 414–415, 303 N.W.2d 218 (1981)(*quoting People v. Price*, 23 Mich.App. 663, 669, 179 N.W.2d 177 (1970)). A writ of habeas corpus in Michigan deals only with radical defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780; 371 N. W. 2d 862 (1985)(*citing to In Re*

*Stone,* 295 Mich. 207; 294 N.W. 156 (1940)).  A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas proceeding. *Id.*  This policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Director of Institutional Services Maxie Boy's Training School,* 84 Mich. App. 355, 357; 269 N. W. 2d 599 (1978).

This line of cases is also consistent with M.C.R. 6.501, which states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment.  The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

Although petitioner argued in his state petition for writ of habeas corpus

that the Wayne County Circuit Court lacked jurisdiction over his case, none of the claims that he raised in his state petition constitute a radical jurisdictional defect that could be properly challenged in a state petition for writ of habeas corpus. [3]

Petitioner first alleges that the arrest warrant was not properly issued, signed, or returned. This, however, does not constitute a radical jurisdictional defect that could be challenged in a state habeas petition. *See Jones v. Dep't of Corr.*, No. 309182, 2013 WL 238689, at *1 (Mich. Ct. App. Jan. 22, 2013).

Petitioner further claimed that the information was not filed with the circuit court at the time of arraignment but at a later date. Although MCR 6.112(C) requires that the information be filed with the circuit court at or before the arraignment, the late filing of a felony information does not deprive a circuit court of jurisdiction. *People v. Cooper*, No. 304610, 2013 WL 2223896, at * 6 (Mich. Ct. App. May 21, 2013). Petitioner's related claim that the information was defective in that it did not contain the names of the witnesses who were expected to testify is likewise not a radical jurisdictional defect. Once jurisdiction vests in the circuit court, it "is not lost even when a

---

[3] See Complaint For Writ of Habeas Corpus, attached to the Petition For Writ of Habeas Corpus. (Doc. 1, Pg ID 39-45).

void or improper information is filed." *People v. Goecke*, 457 Mich. 442, 458–59, 579 N.W.2d 868, 876 (1998). In any event, errors in the drafting of an information "are not so vital as to be destructive of the jurisdiction of the court[.]" and thus "may not be assailed on this ground in a habeas corpus proceeding." *In re Stone*, 295 Mich. at 210.

Petitioner finally claims that the state trial court lacked subject matter jurisdiction over his case because of a violation of Michigan's 180 day rule contained in M.C.L.A. 780.131. A violation of the 180 day rule does not deprive a circuit court of subject matter jurisdiction. *See People v. Lown*, 488 Mich. 242, 268-70, 794 N.W.2d 9 (2011).

This Court concludes that petitioner is not entitled to tolling of the limitations period pursuant to § 2244(d)(2) for the time that his state habeas petition was pending in the state courts, because the petition did not qualify as an application for state post-conviction relief recognized as such under Michigan's court rules and procedures governing post-conviction relief in Michigan. *See Adeline v. Stinson,* 206 F. 3d 249, 252 (2nd Cir. 2000). The claims raised by petitioner in his state petition for writ of habeas corpus did not involve a radical jurisdictional defect. The post-conviction remedy afforded under M.C.R. 6.500, *et. Seq.*, is the exclusive means to bring a post-

conviction challenge in Michigan. Petitioner's state habeas petition does not qualify under Michigan law as a properly filed application for post-conviction relief and thus does not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). *See Seaton v. Kentucky,* 92 F. App'x. 174, 175 (6th Cir. 2004). The instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.* Petitioner is not entitled to equitable tolling of the one year limitations period, because he failed to argue or show that the facts of case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The Supreme Court admonished that "tenable actual-innocence gateway pleas are rare[.]" *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner presented no new, reliable evidence to establish that he

was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim (Claim # 3) does not establish his innocence, so as to toll the limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Any insufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002)(Roberts, J.).

Petitioner also argues that his trial counsel was ineffective for failing to call his girlfriend Marquisha Profit as an alibi witness. Ms. Profit signed an affidavit some two years after petitioner's trial in which she indicated that "I believe we spent the night together of April 9, 2012." Ms. Profit claimed she remembered "spending every night" with petitioner around this time.[4] What is significant is that Ms. Profit does not indicate that she is certain that petitioner was with her on April 9th, nor does she indicate the specific times that

---

[4] See Affidavit of Marquisha Profit, attached as Appendix A to the motion to remand filed with the Michigan Court of Appeals. (Doc. 15-8, Pg ID 1090-92).

petitioner was with her that day or night. In rejecting this claim on appeal, the Michigan Court of Appeals noted that Ms. Profit's proposed testimony that she spent the night with petitioner would not have prevented him from committing the offense at around 7 p.m. earlier in the evening. *People v. Dickens*, No. 321377, 2015 WL 5023002, at * 4 (Mich. Ct. App. Aug. 25, 2015).

Although the "failure to call alibi witnesses suggests legal insufficiency," this Court "cannot say that this testimony alone would have satisfied the high bar for demonstrating factual innocence[.]" so as to excuse the untimely filing of the petition. *Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012). Because there was a window of opportunity for petitioner to have committed this murder prior to the time that he was with Ms. Profit, the alleged alibi evidence has provided very little credible evidence of petitioner's innocence, so as to excuse the untimely filing of the petition. *See Turner v. Romanowski*, 409 F. App'x. 922, 927-30 (6th Cir. 2011).

### III. Conclusion

The Court summarily denies the petition as being barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless

a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Although the Court believes that the petition is barred by the statute of limitations, it will nonetheless issue a certificate of appealability on the issue of whether petitioner's state habeas petition qualifies as a state post-

conviction motion within the meaning of § 2244(d)(2), because one judge in this district has resolved this issue in a different manner. Moreover, this issue deserves encouragement to proceed further, since appellate review of this issue could provide important guidance to federal habeas courts in the Sixth Circuit on this issue. *See Laboy v. Demskie*, 947 F. Supp. 733, 745 (S.D.N.Y. 1996). The Court will also grant a certificate of appealability on whether petitioner has made a colorable claim of actual innocence so as to toll the limitations period. Because this Court grants a certificate of appealability, petitioner is granted leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that:

(1) The petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(D).**

(2) The motions for the appointment of counsel and objecting to the Court order (Docs. 16 and 17) are **DENIED.**

(3) A certificate of appealability is **GRANTED.**

(4) Petitioner is **GRANTED** leave to appeal *in forma pauperis.*


        s/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated:  April 30, 2018


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager