# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

    Petitioner,

v.

    CASE NO. 2:17-CV-12243
    HONORABLE DENISE PAGE HOOD
    CHIEF UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

    Respondent.
_____/

**OPINION AND ORDER CONSTRUING PETITIONER'S LETTER TO THIS COURT DATED MAY 26, 2018 AND HIS MOTION FOR THE APPOINTMENT OF COUNSEL DATED MAY 26, 2018 TO BE A TIMELY FILED NOTICE OF APPEAL, DIRECTING THE CLERK OF THE COURT TO TRANSFER THE LETTER AND THE MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL, AND GRANTING THE MOTION TO FORWARD THE COURT RECORD TO THE COURT OF APPEALS**

On April 30, 2018, this Court summarily denied petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, but granted petitioner a certificate of appealability and leave to appeal *in forma pauperis. Dickens v. Chapman*, No. 2:17-CV-12243, 2018 WL 2009553 (E.D. Mich. Apr. 30, 2018).

1

On July 2, 2018, petitioner filed a Notice of Appeal. (Doc. 20). Petitioner has now filed a motion for an extension of time to appeal. (Doc. 23) and a motion for an order to forward the transcripts to the Sixth Circuit. (Doc. 22).

Petitioner requests an extension of time to file an appeal, on the ground that his Notice of Appeal was filed more than thirty days after judgment was entered in this case on April 30, 2018.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

It is true that petitioner did not actually file the Notice of Appeal until July 2, 2018. However, petitioner sent a letter to this Court that is signed and dated May 26, 2018 and which he has attached to both the Notice of Appeal (Doc. 20, Pg ID 1369) and to his Motion for An Extension of Time to Appeal. (Doc. 23, Pg ID 1386). In this letter, petitioner asks the Clerk of

this Court to inform him what his next step should be in the court process. Petitioner also attached to his motion for an extension of time a motion for the appointment of counsel that he sent to the United States Court of Appeals for the Sixth Circuit, also signed and dated May 26, 2018. (Doc. 23, Pg ID 1384-85). [1] Petitioner requested the appointment of appellate counsel to assist him with his case. The Sixth Circuit received the motion for the appointment of counsel, in which they acknowledge that petitioner requested the appointment of counsel to assist with his appeal from this Court's denial of his habeas case. The Sixth Circuit, however, indicated in a letter dated June 21, 2018 that they were unable to process petitioner's request because no notice of appeal had been filed. (Doc. 23, Pg ID 1388).

The requirements of the rule governing notices of appeal may be satisfied by the filing of the "functional equivalent," so long as it gives the pertinent information and evinces an intention to appeal. *See Campiti v. Matesanz,* 333 F. 3d 317, 320 (1st Cir. 2003); *See also United States v. Hoye,* 548 F.2d 1271, 1273 (6th Cir. 1977)("where a document is filed within the [deadline] which represents a clear assertion of an intent to

---

[1] Under the "prison mailbox rule", this Court is willing to consider petitioner's letter and motion to have been filed on May 26, 2018, the date that they were signed and dated. *See U.S. ex rel. Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

3

appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require."). In particular, petitioner's timely letter to the Sixth Circuit in which he requested the appointment of appellate counsel was the "functional equivalent" of a notice of appeal. *See United States v. Mullane*, 226 F. App'x. 810, 812 (10th Cir. 2007).

The Court believes that petitioner's letter to this Court and his motion for the appointment of appellate counsel should be construed as a timely filed notice of appeal, because they both evince an intent by petitioner to file an appeal and contain the essential information needed to process the appeal.

Petitioner filed his letter to this Court and his motion for the appointment of counsel with the Sixth Circuit on May 26, 2018, which was within 30 days of the Court's judgment. The Court deems these two documents the functional equivalent of a timely notice of appeal. In light of the fact that petitioner's notice of appeal was timely filed, his motion for an extension of time to file an appeal is moot. *See Steele v. Supreme Court of U.S.,* 255 F. App'x. 534 (C.A.D.C. 2007).

Petitioner also filed a motion for the production and forwarding of the transcripts.

F.R.A.P. 11(b)(2) indicates that when the district court record is complete, for purposes of appeal, the district court clerk must transmit the record to the clerk of the court of appeals. Where an indigent prisoner like petitioner seeks to appeal any final decision by the district court, justice requires that the records of the case be transmitted to the court of appeals for review. *See Liles v. South Carolina Dept. of Corrections,* 414 F. 2d 612, 615 (4th Cir. 1969). Accordingly, this Court will order the Clerk of this Court to transmit the record to the Sixth Circuit for appellate review.

Based on the foregoing, IT IS ORDERED that

(1) Petitioner's Letter to this Court dated May 26, 2018 (Doc. 20, Pg ID 1369, Doc. 23, Pg ID 1386) and his Motion for the Appointment of Appellate Counsel (Doc. 23, Pg ID 1384-85) are construed to be a timely filed Notice of Appeal. The Clerk of the Court is directed to transfer these documents to the United States Court of Appeals for the Sixth Circuit.

(2) The Motion To Extend The Time to File Notice of Appeal (Doc. 23) is DENIED AS MOOT.

(3) The motion to order and forward the transcripts (Doc. 22) is GRANTED. The Clerk of the Court shall transmit the Court record to the United States Court of Appeals for the Sixth Circuit.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager